PeaksoN, C. J.
The negro girl for whom the note in. controversy was given, was recovered by fhe plaintiff in right of his wife, in a suit m Virginia. When tlio negro was sold the plaintiff said, “she was Lis wife's property, and she could do what she pleased with her.” Ilis wife joins the plaintiff in executing the bill of sale, and the note is made payable to her and was delivered to her. -There is no proof that the plaintiff ever took the note into his possession, or had any thing to do with it; and we are satisfied, by the pleadings and proofs, that the plaintiff’s wife traded the note to Gamble fór a tract of land, and afterwards as *50 signed her contact to Carson, who paid to her tiie amount of the note. This dealing by the vvife of the plaintiff was done through the agency of Joshua Bracking, who indorsed the note to Gamble, to whom the defendant Parks paid 'the full amount. The allegation of the plaintiff that he notified Parks not to pay die note before he had paid it, is not proved. .
The ease turns on the ''•iiliihty of the payment made by Parks to Gamb’e : which is a mere question of law ; and the plaintiff’come-; ii to dps enn'ft,' not on t|ie ground of an equity against Pa do, but on > he collateral fact, that the note has without hiss Coftcurrent-e 0?.'Content, got!9to the possession of Parlft», whereby-’the ■ remedy at* law ii obstructed. ' ,
As the plaintiff neglected t£.r$olify Panics not to pay tips note, before he bad ptid it. anii as P^rks, paid the fall amount innocently, to {farrea bona fide holier, having .the indorsement of Bracking? á Court of Equity might well hesitate whether it should not decline to interfere,( ard leave the plaintiff to his remedy, at law, if upon the facts tne'court was of opinion i;:;d striefissimi juris” the payment was not vaihl. Put. wo are 0: opinion that the payment was valid and the oh, hi thirel'y discharged.
The legal title *0 a bill of txcbar.ge, promissory note or bond for the payment <u money! negotiable by statute, can only be passed by did->’son eat; but the equitable interest may be acquired by porfiase without indorsement; and payment to a bona fide holder without indorsement, who has purchased the noted ;’ loud, and on payment hands it to the obligor, is a valid payment and discharges the bond.
The possession of the noto or bond, connected with the fact that it had been acquired by purchase, is full evidence of an uuthoriiy to receive the money. .This is a' matter of *51 every day’s occurrence, and when a man presents a note which he has “ traded for,” although there is no'endorsement by the payee, the obligor pays the amount and “ lifts the note” as it is usually expressed, on the ground, that the possession of a note or bond by one who has pur-chasbd it of the payee, is evidence of a power of attorney, which authorizes , the holder to receive the amount to Ms. own use. ■ ' ". - • . ’ ■ ■
The plaintift’s right to treat the payment "by Parks to Gamble who delivered the bond up to him, as a nullity, is put on the ground that Gamble was not a ■bona -fide pureha^ ser, for Bracking had no right to sell the bond. This, depends on ihe fact whether the plaintiff’s wife had authorized Bracking to do so, and that deperds on the fact whether the plaintiff had-made his wife 7ms agent in respect to the transaction concerning the negro. So the case is reduced to this, does the evidence sustain the inference, that the plaintiff had in respect to the slave’Beck, and the note executed as a security for the price at which she was sold ■expressly or by implication, constituted his wife an agent to sell the slave and receive the purchase money. We are satisfied by tbe evidence that such is the fact. The plaintiff, said “the negro was his wife’s property and she eould do as she pleased with her.” The wife joins in the execution of the bill of sale, and the note is made payable to her, is delivered to'her and is never taken jnto his possession. All of which tends .to show that in respect to the negro and the note taken as her price, the plaintiff’ supposed his wife had a right to do as she pleased, and either expressly or by implication, made her bis agent to enable her to do so. . , . '
The plaintiff has failed to- establish his equity.
Bill dismissed;